Filed
1/5/2022 2:12 PM
Esther Degollado
District Clerk
Webb District
Annette Chapa
2022CVA000031D3

CAUSE NO. 2022CVA000031D3

| | | |
|---|---|---|
| VICTOR SERRANO AND ALAN URIBE § | | IN THE DISTRICT COURT |
| *Plaintiffs* § | | |
| § | | |
| v. § | | |
| § | | ____ JUDICIAL DISTRICT |
| LUIS ANGEL HERNANDEZ GUERRERO AND § | | |
| JULIO CESAR CIENFUEGOS GARZA D/B/A § | | |
| GRUPO CIEN § | | |
| *Defendants* § | | |
| § | | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs, Victor Serrano and Alan Uribe, file this Plaintiffs' Original Petition, complaining of Defendants, Luis Angel Hernandez Guerrero and Julio Cesar Cienfuegos Garza d/b/a Grupo Cien, and for a cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY

1. Plaintiffs intend to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

### II.
### PARTIES

2. Plaintiff. Victor Serrano is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Laredo, Webb County, Texas.

3. Plaintiff. Alan Uribe is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Laredo, Webb County, Texas.

4. Defendant. Luis Angel Hernandez Guerrero ("Hernandez") is a natural person and at all times relevant to this cause has been and continues to be a resident of Nuevo Laredo, Mexico.

Mexico is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. As such, service upon Hernandez may be effected through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federal.

5. Defendant Julio Cesar Cienfuegos Garza d/b/a Grupo Cien ("Grupo Cien") is a foreign for-profit company that is authorized to conduct business in the State of Texas. Grupo Cien's office address is 9801 S. Cage Boulevard, Suite 5, Pharr, Hidalgo County, Texas 78577. and Brecha #115 C/Via Ferrocarril Col Portes Gil CD Rio Bravo, Tamps, Mexico 00100, that is authorized to do business in Texas. Grupo Cien has designated Claudia Flores as its registered agent for service of process in Texas, and, as such, may be served with citation via private process by serving Claudia Flores at 812 E Saunders Street, PMB 452, Laredo, Texas 78041, or wherever she may be found. In addition, because Grupo Cien is a Mexican company, service upon Grupo Cien may be effected under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federal.

### III.
### VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This Court has jurisdiction over Defendants because Defendants conduct business in the state of Texas.

8. Venue is proper in Webb County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim

occurred in Webb County, Texas.

## IV.
## FACTS

9. On June 2, 2021, Plaintiffs Victor Serrano and Alan Uribe were passengers in a 2013 Chrysler 200, ("Plaintiffs' vehicle") and was traveling northbound on the 1500 block of FM 1472 Road in Webb County, Texas. Defendant Hernandez was operating a 2008 Freightliner tractor trailer combination ("Defendant vehicle"), which was owned by and being operated on behalf of Defendant Grupo Cien and was also travelling northbound on FM 1472 Road behind Plaintiff's vehicle. Defendant Hernandez failed to control his speed, when he suddenly, violently, and without warning slammed into the rear of Plaintiffs' vehicle. As a result of the collision, Plaintiffs sustained severe and debilitating injuries.

## V.
## AGENCY AND RESPONDEAT SUPERIOR

10. At the time of the collision and the occurrences giving rise to this cause of action Defendant Hernandez was acting within the course and scope of his employment or official duties for Defendant Grupo Cien and in furtherance of the duties of his office or employment for Defendant Grupo Cien.

11. Moreover, at all times relevant hereto, Hernandez was a permissive user of Defendant Grupo Cien's vehicle.

12. Additionally, at the time of the collision and at all other times relevant hereto, Defendant Hernandez was operating under the authority of Defendant Grupo Cien as an interstate or federal motor carrier.

13. Defendant Grupo Cien, as the employer and/or motor carrier, is responsible for the negligent acts or omissions of Defendant Hernandez under the principles of *respondeat superior* and by/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## VI.
## **NEGLIGENCE**

14. Plaintiffs would show that, on the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

15. Defendant Hernandez breached his duty to Plaintiffs and acted in a manner that was negligent or negligent *per se* by engaging in wrongful conduct including, but not limited to:

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   b. Failing to properly control his vehicle so that a collision would not take place;

   c. Failing to timely apply his brakes;

   d. Failing to timely stop;

   e. Failing to maintain a speed that was reasonable and prudent under the circumstances then existing;

   h. Failing to take timely or proper evasive action to avoid the collision in question;

   i. Failing to safely turn left in violation of Tex. Trans. Code § 545.103;

   j. Failing to pay proper attention; and

   k. Operating his vehicle in willful or wanton disregard for the safety of persons, including Plaintiff, and/or property;

16. Defendant Grupo Cien had a duty to exercise ordinary care to hire, qualify, train, and supervise Defendant Hernandez with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled. Defendant Grupo Cien breached its duty because:

4

    a.    It knew or should have known that Hernandez was not a capable, qualified, or knowledgeable driver;

    b.    It failed to provide the necessary training for Hernandez to operate his vehicle in a safe manner and in conformity with the requirements of the law; and

    c.    It failed to supervise Hernandez to ensure that he had operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

14.    Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se* that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiffs.

15.    Plaintiffs would show that, as a proximate result of Defendants' negligence, as described herein, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

16.    As a direct and proximate result of Defendants' negligence, Plaintiffs suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of their life, Plaintiffs will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the accident, Plaintiffs will incur reasonable and necessary medical expenses in the past and future. Plaintiffs now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this court.

17.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs assert that they are seeking monetary relief in excess of $1,000,000.00.

18. Plaintiffs are entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VII.
## CONDITIONS PRECEDENT

19. All conditions precedent has been performed or have occurred to support Plaintiffs pleadings and causes of action.

## VIII.
## NOTICE PURSURANT TO RULE 193.7 TEX. R. CIV. P.

20. Notice is hereby given to Defendants that Plaintiffs intend to use all documents produced by each part in pretrial and/or trial of this cause, to the extent allowed pursuant to the Texas Rules of Civil Procedure.

## X.
## REQUEST FOR JURY TRIAL

21. Plaintiffs respectfully requests a trial by jury and has paid the jury fee.

## PRAYER

**WHEREFORE,** Plaintiffs request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs have judgment against Defendants for:

1. All medical expenses in the past and future;
2. Mental anguish in the past and future;
3. Physical pain in the past and future;
4. Physical impairment in the past and future;
5. Lost wages and loss of earning capacity in the past and future;
6. Disfigurement in the past and future;
7. Pre- and post-judgment interest as allowed by law;
8. Costs of suit; and

9. Such other and further relief to which Plaintiffs may be justly entitled.

       Respectfully submitted,

       **WYATT LAW FIRM, PLLC**
       Oakwell Farms Business Center
       21 Lynn Batts Lane, Suite 10
       San Antonio, Texas 78218
       Tel.: (210) 340-5550
       Fax: (210) 340-5581
       E-service: e-serve@wyattlawfirm.com

       By: */s/ Paula A. Wyatt*
       Paula A. Wyatt
       State Bar No. 10541400
       Gavin McInnis
       State Bar No. 13679800
       Louis Durbin
       State Bar No. 24078448
       George Deutsch
       State Bar No. 24087413
       **ATTORNEYS FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jack De Luna on behalf of Paula Wyatt
Bar No. 10541400
jdeluna@wyattlawfirm.com
Envelope ID: 60510800
Status as of 1/6/2022 4:51 PM CST

Associated Case Party: Victor Serrano

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jack De Luna | | jdeluna@wyattlawfirm.com | 1/5/2022 2:12:04 PM | SENT |
| Karen Rangel | | karenr@wyattlawfirm.com | 1/5/2022 2:12:04 PM | SENT |
| Paula A.Wyatt | | e-serve@wyattlawfirm.com | 1/5/2022 2:12:04 PM | SENT |